Date signed May 22, 2012



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                      :
                                            :
MICHAEL DARNELL. BIGELOW                    :      Case No. 11-29691PM
                                            :             Chapter 13
            Debtor                          :
- - - - - - - - - - - - - - - - - - - - - -:

## MEMORANDUM OF DECISION

This case came before the court for a hearing to consider an amended Chapter 13 Plan filed December 23, 2011, whereby Debtor proposed to pay $323.40 a month for 60 months to his creditors and to commit all tax refunds received during the term of the Plan to plan payments. Objections to the Plan were filed by Money One Federal Credit Union ("Money One") and the Chapter 13 Trustee. Confirmation of that Plan was denied following a hearing held February 28, 2012, and Debtor was given leave to file an amended plan by April 3, 2012.  A hearing on that Plan was set for May 15, 2012.  Debtor filed an Amended Plan providing for payments of $323.40 for 17 months, $807.40 for 29 months, and $990.70 for 14 months.  Debtor omitted from the new Plan the commitment contained in the former Plan to devote all tax refunds received for the duration of the plan period as additional funding of the Amended Plan.  The Trustee did not press her objection made to the prior Plan and supported confirmation of the new Plan.  This Plan provides for payment to unsecured creditors of sum equivalent to approximately 22% of filed claims, and Money One will receive 98% of the sums paid by the Trustee.  Money One did not file an objection to the latest Plan and did not appear at the renewed confirmation hearing.  While no objection was filed to confirmation of the Plan, the court has the independent duty to verify that confirmation requirements are met.  *In re Stewart*, 172 B.R. 14, 16 (W.D. Va.

1994).

Debtor filed a previous bankruptcy case under Chapter 13 (No. 09-32392) on November 17, 2009. On July 9, 2010, by Order of court, that case was converted to a case under Chapter 7 on Debtor's request, and on October 15, 2010, Debtor received a Chapter 7 discharge. Therefore, Debtor was ineligible to receive a discharge upon consummation of his Chapter 13 Plan filed in this case by virtue of Section 1329(f)(2) of the Bankruptcy Code. As Judge Lipp pointed out in the case of *In re Davis*, 447 B.R. 738 (BC Md. 2011), *aff'd* Civil Case No. 11-01270PJM, where a Chapter 13 case follows a case under Chapter 7, this situation is often referred to as a case under "Chapter 20." *See generally, In re Sidebottom*, 430 F.3d 893, 896-97 (CA7 2005); *In re Casey*, 428 B.R. 519, 521 (BC S.D. Calif. 2010); *In re Tran*, 431 B.R. 230 (BC N.D. Calif. 2010).

The determination under Section 1325(a)(3) of the Bankruptcy Code that the Plan has been filed in good faith depends upon the totality of the circumstances. Debtor and his spouse were married on September 19, 2010. Prior to their marriage, they purchased jointly a 2009 Toyota Camry. Debtor's personal liability to Money One and Toyota was discharged in his first case. This left these creditors with only in rem claims against the security. *Johnson v. Home State Bank*, 501 U.S. 78, 84-85(1991). In his first case, Debtor's Schedule H reflected that he and Doreen E. Johnson, now his spouse, were jointly obligated on a $12,230.00 obligation on account of an interest in a timeshare described as Pueblo Bonito Sunset Beach, Cabo, San Lucas. Apparently that asset was disposed of before the filing of the present case.

Because of the 2010 discharge, Debtor's Schedules reflect very little in the way of unsecured debt. Debtor scheduled as his only unsecured debt a $11,500.00 obligation on his 401(k) savings plan. However, claims were also filed by Manning Villages Water & Sewer, L.L.C. in the sum of $212.70 that the Debtor described as a secured claim for front foot benefit charges, and by the Comptroller of the Treasury for $1,406.00 on account of a penalty tax claim for the year 2006. Although Debtor's Plan provides for a monthly payment of $113.00 to PNC Mortgage on account of anticipated arrears stated to be $6,780.00, no claim was filed by PNC. In the circumstances presented, it is hard to imagine that the purpose of this filing was for anything other than avoiding the lien held by Money One. Thus, Debtor's good faith in filing this case may be questioned, particularly in view of the fact of the allegations that he has not devoted all of his projected disposable income to payment of the Plan, as required by Section 1325(b)(1)(B).

Money One urged in its objection to the earlier Plan that, like the court in the case of *In re Estes*, 254 B.R. 261, 265 (BC Idaho 2000), this court should recognize that repaying a pension loan is essentially repaying one's self. Money One acknowledges that there is a split of authority. The court finds the better reasoning in such cases as *In re Seafort*, 669 F.3d 662 (CA6 2012), that loan repayments on 401(k) plans may be proper deductions from disposable income. What is more troubling for the court is the fact that, in addition to Debtor's home payment of $3,334.00 a month, there is a payment of $2,127.82 for a residence owned by Debtor's spouse located at 15624 Elsmere Court, Bowie, Maryland. Debtor explained that the purpose of retaining this house was to enable his step-daughter to attend a far better school in that area. The court understands that at sometime in the future the second home will be sold, rented or foreclosed upon and that the additional funds available would be devoted to the Plan.

In view of the Trustee's support of the latest Plan, the court will deny confirmation with leave to amend to enable the Debtor to amend the Plan to include what was Paragraph 2.d. of the Plan filed December 2, 2011, providing for the payment of tax refunds towards funding of the Plan. The court understands that the Trustee will monitor the progress of the Plan so that she may seek to have it modified if the situation of the Elsmere home changes during the pendency of the Plan.

An appropriate order will be entered.

cc:
Michael D. Bigelow, 600 Cover Lane, Accokeek, MD 20607
Anu Kmt, Esq., 4920 Niagara Road, Suite 322, College Park, Md 20740
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Money One FCU, c/o Daphne M. Brown, Esq., 11200 Rockville Pike, #301, Bethesda MD 20852

**End of Memorandum**